# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BURTON, ) | |
| ) | Case No. 17-CV-1337 |
| Plaintiff, ) | |
| v. ) | Judge Amy J. St. Eve |
| ) | Magistrate Judge M. David Weisman |
| CHICAGO PUBLIC SCHOOLS aka ) | |
| BOARD OF EDUCATION, ) | |
| CITY OF CHICAGO ) | |
| CHICAGO BOARD OF EDUCATION, ) | |
| SCHOOL DIRECTORS OF ) | |
| DISTRICT NO. 299, ) | |
| COUNTY OF COOK ) | |
| AND STATE OF ILLINOIS, ) | |
| DAMIR ARA ) | |
| MOLLIE HART ) | |
| GABRIELA GONZALEZ ) | |
| MARY ERNESTI, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

This is an action for employment discrimination. The plaintiff is Annie Burton ("Plaintiff") of the county of Cook in the state of Illinois. The Defendant is Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois, within the jurisdiction of Northern District of Illinois, Eastern Division); Damir Ara, Assistant Principal at Lane Technical High School; Mollie Hart, Human Resources personnel; Gabriela Gonzalez, Lunchroom Lady; Mary Ernesti, Human Resources ("Defendant or Defendants").

## BACKGROUND

The Plaintiff sought employment or was employed by the defendant at 42 West Madison, Chicago, Illinois 60602. Plaintiff was employed but is no longer employed by the defendant. The defendant discriminated against the plaintiff on or about, or beginning on or about, May 24, 2016.

Defendant is not a federal governmental agency, and the plaintiff has filed charge against the defendant asserting acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission ("EEOC"), on or about January 4, 2017. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The Plaintiff has no reason to believe that this policy was not followed in this case. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by the plaintiff on February 10, 2017.

The defendant discriminated against the plaintiff because of the plaintiff's (a) Age (Age Discrimination Employment Act); (b) Disability (American with Disabilities Act or Rehabilitation Act); (c) Race (Title VII of the Civil Rights act of 1964 and 42 U.S.C. §1981). Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois, within the jurisdiction of Northern District of Illinois, Eastern Division); Damir Ara, Assistant Principal at Lane Technical High School; Mollie Hart, Human Resources personnel; Gabriela Gonzalez, Lunchroom Lady; Mary Ernesti, Human Resources ("Defendant or Defendants") or as other local governmental agency and pursuant to 42. U.SC. §1983), plaintiff further alleges discrimination on the basis of race.

**Jurisdiction and Venue**

This Court has jurisdiction over statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.SC. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the ADEA by 42 U.S.C. §12117; for Rehabilitation Act, 29 U.S.C. §791.

Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3), § 2000e6(b), and 28 U.S.C. § 1391 (b) because it is where a substantial part of the events or omissions giving rise to the cause of action occurred.

The Defendant is Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS", or "Board of Education"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois, within the jurisdiction of Northern District of Illinois, Eastern Division), is a corporate, governmental body, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois. The Board of Education is located in Chicago, Illinois, within the jurisdiction of this Court.

The Board of Education is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

On or around May 24, 2016, Plaintiff filed a timely charge of discrimination (charge number 440-2017-00969) with the Chicago Office of the Equal Employment Opportunity Commission ("EEOC") alleging that she had been discriminated against based on age, race and disability. Pursuant to Section 706 of Title V Il, the EEOC investigated the charge, found reasonable cause to believe that a Title V Il violation had occurred with respect to Plaintiff and a class of similarly situated individuals, and unsuccessfully attempted to conciliate the charge. The EEOC subsequently issued a right to sue letter.

Plaintiff alleges that she has been discriminated against because of her face, Black, retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff further alleges that she has been discriminated against because of her age 56 (year of birth: 1960) and retaliated against in violation of the Age Discrimination in Employment Act of 1967, as amended; a Plaintiff alleges that she has been discriminated against because of her disability, and retaliated against in violation of the Americans with Disabilities act of 1990, as amended).

Plaintiff sent notice to the Board of Education of its intent to file a complaint against the Board of Education for violating Title VII with respect to the allegations raised in the referred EEOC charges, including allegations of a pattern or practice of discrimination. All conditions precedent to the filing of this Complaint have been performed or have occurred.

Factual Allegations Common to All Counts

Defendant is Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois, within the jurisdiction of Northern District of Illinois, Eastern Division); Damir Ara, Assistant Principal at Lane Technical High School; Mollie Hart, Human Resources personnel; Gabriela Gonzalez, Lunchroom Lady; Mary Ernesti, Human Resources ("Defendant or Defendants") terminated the plaintiff's employment; failed to provide reasonably accommodation for plaintiff's disabilities; failed to stop harassment; retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in above.

On or about November 28, 2016, plaintiff was wrongfully terminated by Mary Ernesti after plaintiff asserted her protected rights by the laws identified above which include but limited to intimidation harassment, civil rights violation, age discrimination, disability discrimination. summary of the teacher's overall strengths and weaknesses, and an overall rating.

Plaintiff files this motion in response and pursuant to the United States Constitution and Civil Rights Act of 1964 as amended, violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. Sections 1981 and 1983. Defendants have obstructed Plaintiff's civil and constitutional rights as follows: On or about May 24, 2016, Plaintiff

was subjected to brutal co-conspiracy assaults from Damir Ara, Assistant Principal at Lane Technical College Prep High School.

Plaintiff alleges that Damir Ara, Assistant Principal at Lane Technical College Prep committed egregious fraud and waste by using his governmental position as assistant principal to create a retaliatory, hostile and intimidating work environment for her; (1) Damir Ara, Assistant Principal at Lane Technical College Prep intentionally and knowingly refused to ensure that a public school student receive proper medical care for a bleeding complication, ensure that fire codes were not violated by the misuse of government property by the lunchroom personnel and to ensure the protection and safety operation of the building and personnel at Lane Tech; (2) Damir Ara, Assistant Principal at Lane Technical College Prep, Gabriela Gonzalez, Lunchroom Manager at Lane Technical High School falsely imprisoned Plaintiff and more than 35 Chicago Public School children of color[i] at a Board of Education, City of Chicago, Chicago Public Schools; (3) wherein, Lunchroom Lady Gonzalez contributed to the head injuries sustained by the female student on or about May 24, 2016 at Lane Technical High School, Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois; (4) Lunchroom Lady Gonzalez further endangered the safety of the female student by obstructing her right to medical care at Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois); (5) While at Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education,

School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois, Damir further endangered the safety of the students by leaving the Chicago Public School students unsupervised and exposing the other over 1,000 children to further child endangerment; (6) Damir Ara failed to provide medical care for the injured white female student for blood borne pathogens.[1] (325 ILCS/5 et. seq.)

Additionally, Damir Ara and Lunch Lady Gonzalez violated fire building codes at an Illinois Public School by falsely imprisoning from those 35 Chicago Public School children in a closed or confined facility.

But, when Plaintiff complained of these egregious violations of 325 ILCS/5 et, seq. and fire code violations, plaintiff was fired, harassed, lied on, and called the "n" word. Defendant immediate suspended Plaintiff because she evoked her civil rights by under the federal constitution. Defendant terminated Plaintiff because she

---

[1]
```
        (105   ILCS   5/34-18.8)(from   Ch.   122,   par.   34-18.8)
        Sec.  34-18.8.  AIDS  training.  School  guidance  counselors,
   nurses, teachers and other school personnel who work with pupils
   may be trained to have a basic knowledge of matters relating to
   acquired immunodeficiency syndrome (AIDS), including the nature
   of the disease, its causes and effects, the means of detecting
   it   and   preventing   its   transmission,   the   availability   of
   appropriate  sources  of  counseling  and  referral,  and  any  other
   information  that  may  be  appropriate  considering  the  age  and
   grade  level  of  such  pupils.  The  Board  of  Education  shall
   supervise  such  training.  The  State  Board  of  Education  and  the
   Department  of  Public  Health  shall  jointly  develop  standards  for
   such                                                       training.
   (Source: P.A. 86-900.)
```

Case: 1:17-cv-01337 Document #: 41 Filed: 11/13/17 Page 6 of 10 PageID #:119

required her disability medication. (Race/Color Discrimination & Harassment. It is unlawful to harass a person because of that person's race or color. Harassment can include, for example, racial slurs, offensive or derogatory remarks about a person's race or color, or the display of racially-offensive symbols. Although the law doesn't prohibit simple teasing, offhand comments, or isolated incidents that are not very serious, harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision (such as the victim being fired or demoted). (The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.))

Plaintiff alleges that this response was, of course, a distraction from the real criminal activities that appeared to be instituted by Damir Ara and Lunch Lady Gonzalez.

Despite the employment of other assistant principals at Lane Technical High School, Lunch Lady Gonzalez made her fraudulent and nefarious statements to her advocate, Defendant, Damir Ara. Defendant Mollie Hart and Defendant Mary Ernesti appeared to have conspired with Defendant Gonzalez and Damir Ara by subjecting Plaintiff and the Chicago Public School children to Jim Crow an educational environment. Plaintiff and Chicago Public Schools children were confined to what seem like a cage, prison because of Plaintiff's race, disability and age. Defendants were in no way acting under the director of the board within the course or scope of his duties. Therefore, Board should not use federal, state and City of Chicago tax payer's revenue to represent the Defendant Damir Ara, Defendant Mollie Hart, Defendant Mary Ernesti, Defendant Gabriela Gonzalez whom Plaintiff believe have committed criminal and Jim

Crow acts against children and children of color at Chicago Public School aka City of Chicago, Board of Education Chicago Board of Education, School Directors of District No. 299, County of Cook and State of Illinois ("Chicago Public Schools": or "CPS"), a corporate, governmental unit, and a political subdivision of the State of Illinois, established pursuant to the laws of the State of Illinois (The Board of Education is located in Chicago, Illinois. 105 ILCS 5/34-18.1. +

+Plaintiff further objects to Board of Education, City of Chicago counsel wherein she states in part ". . . (1) all claims against Ara, Gonzalez and Hart due to Plaintiff's failure to allege any factual basis for such claims; (2) the ADA, ADEA and Title VII claims against Ara, Ernesti, Gonzalez and Hart, because there is no individual liability under those statutes; (3) all official capacity claims against Ara, Ernesti, Gonzalez and Hart, which would be duplicative of such claims against the Board; (4) all Section 1981 claim against Defendants, as such a claim is not viable against state actors; (5) claims against Ara, Gonzalez and Hart under Sections 1981 and 1983 due to Plaintiff's failure to allege any "personal involvement" by them; (6) any Section 1983 claim against the Board due to Plaintiff's failure to plead facts supporting Monell liability. . ." In Brown v. Board of Education, the Supreme Court recognized that racial barriers and injustice in education could no longer be tolerated. 347 U.S. 483 (1954).

Damir Ara, Assistant Principal at Lane Technical High School; Mollie Hart, Human Resources personnel; Gabriela Gonzalez, Lunchroom Lady; Mary Ernesti, Human Resources ("Defendant or Defendants") conduct has caused irreparable damages to Plaintiff and perhaps to Chicago Public Schools students.

Therefore, the plaintiff ask that the court direct the defendant to re-employ the plaintiff; promote plaintiff, provide reasonable accommodation for the plaintiff's disabilities and award punitive, compensatory, treble statutory damages. If available grant plaintiff's appropriate injunctive relief, loss wages, liquidated/double damages, damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and costs.

*Annie Burton*

By Annie Burton, Plaintiff/

---

[i] Sec. 34-18.1. Protection from suit. The board shall insure or indemnify and protect the board, Chicago Schools Academic Accountability Council, former School Board Nominating Commission, Local School Councils, or former Sub district Councils, any member of the board, Chicago Schools Accountability Council, former School Board Nominating Commission, Local School Council, or former Sub district Council, or any agent, employee, teacher, student teacher, officer, or member of the supervisory staff of the school district against financial loss and expense, including reasonable legal fees and costs arising out of any claim, demand, suit, or judgment by reason of alleged negligence, alleged violation of civil rights occurring on or after September 5, 1967, or alleged wrongful act resulting in death or bodily injury to any person or accidental damage to or destruction of property, within or without the school premises, provided such board member, agent, employee, teacher, student teacher, officer or member of the supervisory staff, at the time of the occurrence was acting under the direction of the board within the course or scope of his duties.

> Sec. 34-18.6a. Orders of protection. The board of education may prohibit the disclosure by any school employee to any person against whom the school district has received a certified copy of an order of protection the location or address of the petitioner for the order of protection or the identity of the schools in the district in which the petitioner's child or

children are enrolled. The school district shall maintain the copy of the order of protection in the records of the child or children enrolled in the district whose parent is the petitioner of an order of protection.
(Source: P.A. 87-437.)

(105 ILCS 5/34-18.7) (from Ch. 122, par. 34-18.7)
Sec. 34-18.7. Adolescent and teen mental illness and suicide detection and intervention. School guidance counselors, teachers, school social workers, and other school personnel who work with pupils in grades 7 through 12 shall be trained to identify the warning signs of mental illness and suicidal behavior in adolescents and teens and shall be taught various intervention techniques. Such training shall be provided within the framework of existing in-service training programs offered by the Board or as part of the professional development activities required under Section 21-14 of this Code.
(Source: P.A. 98-471, eff. 1-1-14.)