IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNIE BURTON, | ) | |
| | ) | No. 17-CV-01337 |
| Plaintiff, | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| CHICAGO PUBLIC SCHOOLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Board of Education of the City of Chicago (the "Board"), Damir Ara ("Ara"), Mary Ernesti ("Ernesti"), Gabriela Gonzalez ("Gonzalez") and Mollie Hart ("Hart") file this Motion to Dismiss and state:

**INTRODUCTION**

Plaintiff again complains of her November 2016 employment termination with the Board in her Amended Complaint. She alleges it constituted discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. Sections 1981 and 1983. (Docket # 41 at 3) However, rather than raise any new allegations in her Amended Complaint, Plaintiff has merely copied whole sections from the Objection she filed in response to the Board's Partial Motion to Dismiss into her Amended Complaint.[1] These allegations do not save her claims against Defendants and the Court should dismiss: (1) the ADA, ADEA and Title VII claims against Ara, Ernesti, Gonzalez and Hart, because there is no individual liability under those statutes; (2) all

---

[1] Defendants treat Plaintiff's pleaded allegations in her Amended Complaint as true for the purpose of this Motion. For the Court's convenience, the Board has attached copies of Plaintiff's Objection as Exhibit 1 and her Amended Complaint as Exhibit 2 and has highlighted the sections that Plaintiff has lifted verbatim from her Objection into the Amended Complaint.

official capacity claims against Ara, Ernesti, Gonzalez and Hart, which would be duplicative of such claims against the Board; (3) her Section 1981 claim against Defendants because such a claim is not viable against state actors; (4) her Section 1983 claims against Ara, Ernesti, Gonzalez and Hart due to Plaintiff's failure to allege any "personal involvement" and her Section 1983 claim against the Board due to Plaintiff's failure to plead facts supporting *Monell* liability; (5) all ADA, ADEA and Title VII claims due to Plaintiff's failure to state a claim; and (6) strike Plaintiff's claims for punitive damages under the ADA, Rehabilitation Act and ADEA and for injunctive relief.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 570 (2007). A complaint should be dismissed if it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). The court must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Thompson v. Illinois Dep't of Professional Reg.*, 300 F.3d 750, 753 (7th Cir. 2002). The court need not strain to find inferences favorable to Plaintiff which are not apparent on the face of the complaint. *Nelson v. Monroe Reg. Med. Ctr.*, 925 F.2d 1555, 1599 (7th Cir. 1991). Nor is it required to ignore facts set forth in a complaint that undermine Plaintiff's claim. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992).

## ARGUMENT

A.  **Plaintiff May Not Assert ADA, ADEA or Title VII Claims Against Individuals.**

Plaintiff alleges a "defendant" discriminated and retaliated against her in violation of the ADEA, the ADA, Rehabilitation Act and Title VII. (Docket # 41 at 2) In making these allegations, Plaintiff does not identify the applicable "defendant." (*Id.*) To the extent she again alleges Ara,

2

Ernesti, Gonzalez and Hart personally violated her rights under these statutes, such claims fail because this Court already held there is no personal, individual liability under the ADEA, ADA or Title VII. (Docket # 31 at 2) Plaintiff's claims under the Rehabilitation Act against Ara, Ernesti, Gonzalez and Hart similarly fail because that statute does not permit individual liability. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5, 798 n.7 (7th Cir. 1999) (finding no individual liability under the ADA and explaining Rehabilitation Act is nearly identical); *see also Dent v. City of Chicago*, No. 02-660, 2003 U.S. Dist. LEXIS 13417, at *1 (N.D. Ill. Aug. 1, 2003) (holding, "the law is well-settled that there is no individual liability under … the Rehabilitation Act"). Thus, Plaintiff's ADEA, ADA, Rehabilitation Act and Title VII claims can only be brought against the Board and the Court should again dismiss those claims against Ara, Ernesti, Gonzalez and Hart.

**B.  All Claims Against Ara, Ernesti, Gonzalez and Hart in Their Official Capacities Should be Dismissed as Duplicative of Claims Against the Board.**

Plaintiff fails to specify if she sues Ara, Ernesti, Gonzalez and Hart in their official and/or individual capacities. To the extent she intends to sue them in their official capacities, those claims must be dismissed as duplicative of her claims against the Board. *See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citing *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) (noting claims against government official in official capacity are treated same as claims against governmental unit for which he works)).

**C.  Plaintiff Does Not State Actionable Section 1981 Claims Against Defendants.**

All Defendants are entitled to dismissal of Plaintiff's Section 1981 claims. In *Jett v. Dallas Independent School District,* the United States Supreme Court held Section 1981 does not provide a cause of action against local state actors, government entities, or municipalities. *See* 491 U.S. 701, 731 (1989). The *Jett* court held that a plaintiff must assert a cause of action against state actors under Section 1983 to remedy violations of the civil rights secured by Section 1981. *Id.* Consequently, Plaintiff cannot pursue Section 1981 claims against the Board or the individual defendants. *See*

3

*Campbell v. Forest Preserve of Cook County*, 752 F.3d 665, 671 (7th Cir. 2014) (holding, Section "1983 remains the exclusive remedy for violations of [Section] 1981 committed by state actors").

### D. Plaintiff Does Not State Actionable Section 1983 Claims Against Defendants.

The Court should dismiss Plaintiff's Section 1983 claims against Ara, Ernesti, Gonzalez and Hart because she fails to allege they were personally involved in any alleged Constitutional violation. Further, the Court should dismiss that claim against the Board because Plaintiff pleads no facts establishing *Monell* liability.

#### 1. Plaintiff Fails To Allege Ara, Ernesti, Gonzalez and Hart Individually Violated Her Constitutional Rights.

The Seventh Circuit has held that Section "1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Plaintiff fails to meet this requirement in her Amended Complaint with respect to her Section 1983 claims against Ara, Ernesti, Gonzalez and Hart.

At a threshold level, Plaintiff fails to raise any specific factual allegations against Ernesti and Hart that satisfy Rule 12(b)(6) standards. She alleges Hart "terminated [her] employment; failed to provide reasonably [sic] accommodation for [her] disabilities; failed to stop harassment; [and] retaliated against [her] because the plaintiff did something to assert rights protected by the laws." (Docket # 41 at 4) Ernesti, Plaintiff continues, supposedly "wrongfully terminated" her after Plaintiff "asserted her protected rights by the laws identified above [ADEA, ADA and Title VII] which include but limited to [sic] intimidation[,] harassment, civil rights violation, age discrimination, disability discrimination[,] summary of the teacher's overall strengths and weaknesses, and an overall rating." (*Id.*) However, apart from these claims alleging Hart and Ernesti's general liability, Plaintiff has proffered no specific factual allegations against either defendant. Such precatory allegations are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (observing facts that are "'merely

4

consistent with' a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief'") (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).

Further, Plaintiff has failed to plead any facts demonstrating Ara and Gonzalez personally violated her Constitutional rights. She makes the same allegations against them that she first raised in her Objection – specifically, that they supposedly contributed to and refused medical treatment to an injured student, falsely imprisoned thirty students, and left students unsupervised. (Docket #41 at 5-6, *compare to* Docket #22 at 2-4) These allegations, however, concern alleged conduct between Ara, Gonzalez and third party students – not Plaintiff. (Docket #41 at 5-6) Plaintiff has again failed to provide any facts showing Ara and Gonzalez personally deprived her of her Constitutional rights for purposes of section 1983.

Finally, where Plaintiff does allege conduct between herself, Ara, Ernesti, Gonzalez and Hart, those allegations are not legally cognizable under Section 1983. Plaintiff again indicates, for instance, that Ara and Gonzalez supposedly falsely imprisoned her and the students. (Docket # 41 at 5-6, *compare to* Docket #22 at 3-4) False imprisonment, however, constitutes a separate tort claim that is not legally-cognizable under section 1983. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) (holding, "Section 1983 impose liability for rights protected by the Constitution, not for violations of duties of care arising out of tort law"); *see also Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985) (finding plaintiff failed to show Fourteenth Amendment violation for false imprisonment under 1983 where, *inter alia*, Illinois law provided adequate and available remedies for redress).

Plaintiff also suggests, as she did in her Objection, that Ara, Ernesti, Gonzales and Hart conspired to violate her civil rights by subjecting her (and the students) to a "Jim Crow" educational system. (Docket #41 at 7, *compare to* Docket #22 at 4-5) However, to bring a conspiracy claim under Section 1983, a plaintiff must show the defendant conspired with others to deprive her of her Constitutional right, an act in furtherance of the conspiracy, and the actual deprivation of a

5

Constitutional right. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). Plaintiff's renewed allegations are insufficient, as she fails to show how Ara, Ernesti, Gonzalez and Hart conspired with one another to deprive her of her Constitutional rights, much less the nature of the Constitutional right or a specific act in furtherance of that alleged conspiracy. (Docket #41 at 7, *compare to* Docket #22 at 4) Instead, Plaintiff again speculates that the individual defendants "appeared to have conspired." (Docket #41 at 7, *compare to* Docket #22 at 4) Such precatory language is insufficient. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court should dismiss her Section 1983 claims against Ara, Ernesti, Gonzalez and Hart.

### 2. Plaintiff Has Failed To Plead Any Facts Showing *Monell* Liability.

Plaintiff's Section 1983 claim against the Board should be dismissed due to the absence of any *Monell* allegations. The Board is an agency of municipal government, and recovery against a governmental body under Section 1983 may not be based on *respondeat superior*. *See Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1148 (7th Cir. 1999). Rather, Plaintiff "must show that the [Board's] official policy or custom was discriminatory." *Id.* (citing *Jett*, 491 U.S. at 736–37 and *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *see also Kujawski v. Board of Comm'rs of Bartholomew County, Ind.*, 183 F.3d 734, 737 (7th Cir. 1999). To make that showing, a plaintiff may demonstrate existence of municipal policy or custom with proof of an express policy causing the loss, a widespread practice constituting custom or usage that caused the loss, or causation of the loss by a person with final policymaking authority. *See Kujawski*, 183 F.3d at 737 (citing *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir. 1995)). Plaintiff, however, pleads no such allegations. (Docket #41) Thus, her Section 1983 claim against the Board must be dismissed.[2]

---

[2] Plaintiff cites 42 U.S.C. §1988 in her Amended Complaint as a basis for her claim. (Docket # 41 at 2) Presumably, she refers to Section 1988(b), which provides for an award of attorney's fees to the prevailing party in an action under Section 1983. 42 U.S.C. §1988(b). However, to the extent Plaintiff is arguing that she is entitled to attorneys' fees, this Court should again strike that claim as it did in its July 28, 2017 order. (Docket # 31 at 3) (finding Plaintiff, as a *pro se* litigant, was not entitled to attorneys' fees).

**E.     Plaintiff Has Failed To State Viable ADEA, ADA and Title VII Claims.**

Plaintiff's claims under the ADEA, ADA and Title VII can only be brought against the Board. This Court, however, should dismiss them because Plaintiff has failed to state any claim under these statutes in her Amended Complaint.

To state an ADEA claim, a plaintiff must allege she was in the protected age group of forty or older; that she was performing her job satisfactorily or was qualified for the job for which she applied; that she was discharged, not hired, not promoted, etc.; and that younger employees were treated more favorably. *See Hartley v. Wisconsin Bell*, 124 F.3d 887, 890 (7th Cir. 1997). Plaintiff does not meet this standard. She conclusorily alleges she faced discrimination and retaliation because she is fifty-six years old. (Docket #41 at 3) However, Plaintiff proffers no other allegations that support her ADEA claim. Instead, she again alleges that she and the students were "confined to what seem like a cage, prison because of Plaintiff's . . . age." (Docket # 41 at 7, *compare to* Docket # 22 at 5). Plaintiff fails to allege the facts required to establish a *prima facie* claim under the ADEA against the Board.

Similarly, Plaintiff's Amended Complaint fails to state an ADA claim against the Board. In order to state an ADA claim, a plaintiff must allege she was or is disabled; that the defendant was aware of this disability; that she was otherwise qualified for the job; and that the disability caused the adverse employment action. *See Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032 (7th Cir. 1999). Plaintiff does not meet this standard. She now claims she was "terminated . . . because she required her disability mediation." (Docket #41 at 6-7) However, as in her Objection, Plaintiff fails to identify that disability, much less claim the Board was aware of it. (*See* Docket #41, *compare to* Docket #22) Instead, she merely posits that she and the students "were confined to what seem[ed]

7

like a cage, prison because of Plaintiff's … disability …" (Docket #41 at 7, *compare to* Docket #22 at 5) Such pleading is insufficient. *See Iqbal*, 556 U.S. at 678.[3]

Finally, the Court should dismiss Plaintiff's Title VII claim. Plaintiff alleges she suffered discrimination and retaliation in violation of Title VII on account of "her face, [sic] Black." (Docket #41 at 3) She then indicates it is illegal to harass an individual on account of her race or color, noting, "[h]arassment can include . . . racial slurs, offensive or derogatory remarks about a person's race or color, or the display of racially-offensive symbols." (*Id.* at 7). However, apart from these precatory claims and generalized observations, she proffers no factual allegations under Title VII that satisfy Rule 12(b)(6). Instead, Plaintiff merely re-alleges that she reported Ara and Gonzalez's supposed violations of the fire code and state law and, as a result, she was "fired, harassed, lied on, and called the 'n' word." (*Id.* at 6, *compare to* Docket #22 at 4) However, reporting alleged violations as a whistleblower is not a protected activity under Title VII. *See Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1107 (7th Cir. 2012) (observing, "Title VII prohibits retaliation for complaints about discrimination, not retaliation for complaints about other workplace issues"); *see also Hale v. Board of Trs. of Southern Ill. Univ. Sch. of Med.*, No. 16-cv-3191, 2017 U.S. Dist. LEXIS 96087, at *18-19 (C.D. Ill. June 21, 2017) (noting complaints about working conditions made in whistleblower claim not protected activity under Title VII). Thus, the Court should dismiss her Amended Complaint.

---

[3] Plaintiff's Rehabilitation Act claims for disability discrimination and retaliation correspondingly fail. The Seventh Circuit has held the Rehabilitation Act is "nearly identical" to the ADA and applies ADA standards to determine if there has been a violation of the Rehabilitation Act. *See Silk*, 194 F.3d at 797 n.5, 798 n.7. Hence, a plaintiff who is unable to establish an ADA claim cannot establish a Rehabilitation Act claim. *See Heimann v. Roadway Express, Inc.*, 228 F. Supp. 2d 886, 908 (N.D. Ill. 2002) (finding, "because Plaintiff cannot show that a genuine issue of material fact exists as to his ADA claim, he also cannot do so for his Rehabilitation Act claim); *c.f. Garrett v. Chicago Sch. Reform Bd. of Trs.*, No. 95 C 7341, 1996 U.S. Dist. LEXIS 10194, at *7 (N.D. Ill. July 18, 1996) (finding plaintiff's ADA and Rehabilitation Act claims survived motion to dismiss where she sufficiently alleged disability under ADA).

F.  **The Court Should Strike Plaintiff's Claims for Punitive Damages Under the ADA, the Rehabilitation Act and ADEA, as Well as Her Claim for Injunctive Relief.**

Plaintiff requests punitive damages in her Amended Complaint. (Docket #41 at 9) The Board asks the Court to strike Plaintiff's claim for punitive damages under the ADA and the Rehabilitation Act for her retaliation claim. *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004) ("Because claims of retaliation under the ADA (§12203) are not listed, compensatory and punitive damages and not available for such claims. Instead, the remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in [42 U.S.C.] §2000e-5(g)(1)."); *see also CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014) (recognizing "compensatory damages are available in private cases of action under the ADA and Rehabilitation Act ... [although] punitive damages are not").

The Board also asks the Court to strike Plaintiff's claims for punitive damages under the ADEA. *See Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 688 (7th Cir. 1982), *cert. denied,* 459 U.S. 1039 (1982) (holding, "we find, in accord with the overwhelming weight of authority, that punitive damages and damages for pain and suffering are not available under the ADEA."); *see also Downey v. Commissioner*, 33 F.3d 836, 839 (7th Cir. 1994) ("ADEA litigants cannot recover damages for either pain and suffering ... or for emotional distress")

Finally, the Board asks the Court to strike Plaintiff's claim for injunctive relief, as she has pleaded no facts alleging she will suffer irreparable harm or has a reasonable likelihood of success on the merits. *See Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017) (finding petitioner seeking injunctive relief must make threshold showing of irreparable harm

absent preliminary injunctive relief, inadequate remedies at law and a reasonable likelihood of success on the merits).[4]

## CONCLUSION

Defendants respectfully request that the Court grant this Motion, dismiss all claims against Ara, Ernesti, Gonzalez and Hart under the ADEA, ADA and Title VII, dismiss the Section 1981 and 1983 claims against all Defendants, dismiss the ADEA, ADA and Title VII claims against the Board, strike Plaintiff's demand for punitive damages under the ADA, Rehabilitation Act and ADEA and her demand for injunctive relief; and grant Defendants all other relief to which they may be entitled.

Respectfully submitted,

**DEFENDANTS BOARD OF EDUCATION OF THE CITY OF CHICAGO, ARA, ERNESTI, GONZALEZ AND HART,**

RONALD L. MARMER,
General Counsel

By: *s/ Regan Hildebrand*
Regan Hildebrand
Senior Assistant General Counsel
Board of Education of the City of Chicago
Law Department, 1 N. Dearborn St., Ste. 900
Chicago, Illinois 60602
(773) 553-1700

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all *pro se* parties and attorneys of record via the Court's electronic notification system on December 4, 2017.

*s/ Regan Hildebrand*
Regan Hildebrand

---

[4] Plaintiff again complains the "Board should not use federal, state and City of Chicago tax payer's revenue to represent" the individual defendants. (Docket #41 at 7) The Court already informed Plaintiff that the Board is within its rights to defend the individual defendants. Therefore, the Board does not respond to that argument again.