# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNE BURTON, | ) |
| | ) |
| Plaintiff, | ) Case No. 17 C 1337 |
| | ) |
| v. | ) Judge Amy St. Eve |
| | ) |
| BOARD OF EDUCATION FOR THE | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court grants Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice. [16]. Because the Board of Education for the City of Chicago is the proper Defendant as Plaintiff's employer, the Court dismisses the State of Illinois, the School Directors of Dist. 299, and Cook County as named Defendants in this matter. *See Hearne v. Bd. of Educ. of City of Chicago,* 185 F.3d 770, 777 (7th Cir. 1999). All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

After granting Defendants' first motion to dismiss without prejudice,[1] on November 13, 2017, pro se Plaintiff Anne Burton filed the present First Amended Complaint against her former employer Defendant Board of Education, along with individual Defendants, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Plaintiff also brings a race discrimination claim under 42 U.S.C. § 1981 based on her former employment with the Board as a substitute teacher at Lane Technical High School in Chicago.

Before the Court is Defendants' motion to dismiss brought pursuant to Rule 12(b)(6). For the following reasons, the Court grants Defendants' motion with prejudice because Plaintiff cannot bring ADEA, ADA, Title VII, and Rehabilitation Act claims against the individual Defendants as a matter of law and the official capacity claims against them are redundant to her claims against the Board. Further, the Court grants Defendants' motion to dismiss with prejudice

---

[1] The Court presumes familiarity with its July 28, 2017 Order granting Defendants' first Rule 12(b)(6) motion to dismiss without prejudice in which the Court granted Plaintiff leave to file a First Amended Complaint. [31]. In that Order, the Court also granted Plaintiff's motion for attorney representation, but then granted appointed counsel's motion to withdraw approximately three months later based on Plaintiff's "termination" of counsel. [40].

because the Court has already granted Plaintiff leave to file an amended complaint in which she failed to cure the deficiencies made in her original complaint. *See Doe v. Columbia Coll. Chicago,* No. 17-CV-00748, 2018 WL 497284, at *5 (N.D. Ill. Jan. 22, 2018).

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Park Pet Shop, Inc. v. City of Chicago,* 872 F.3d 495, 499 (7th Cir. 2017).

## BACKGROUND

Construing her pro se First Amended Complaint and EEOC Charge liberally, *see Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017), Plaintiff alleges that she began her employment with the Board of Education in September 2014 and her most recent position was substitute teacher at Lane Technical High School ("Lane Tech") in Chicago. She further states that during her employment she was subjected to harassment and that Defendants discriminated against her because of her race, age, and disability. More specifically, in her First Amended Complaint, Plaintiff brings claims against the Board of Education, along with the following Defendants in their individual capacities: (1) Damir Ara, Assistant Principal at Lane Tech; (2) Mollie Hart, Human Resources; (3) Mary Ernesti, Human Resources; and (4) Gabriela Gonzalez, "Lunchroom Lady." Plaintiff alleges that these individuals, along with the Board of Education, terminated her employment in November 2016, failed to reasonably accommodate her disabilities, failed to stop harassment, and retaliated against her because she did something to assert her rights protected by Title VII, the ADA, the ADEA, the Rehabilitation Act, and 42 U.S.C. § 1981.

In particular, Plaintiff alleges that Assistant Principal Ara "committed egregious fraud and waste by using his government position." Specifically, Plaintiff asserts that Assistant Principal Ara "intentionally and knowingly refused to ensure that a public school student receive[d] proper medical care for a bleeding complication, ensure that fire codes were not violated by the misuse of government property by the lunchroom personnel and to ensure the protection and safety operation of the building and personnel at Lane Tech." She also alleges that Defendants "Ara and Gonzalez falsely imprisoned Plaintiff and more than 35 Chicago Public School children of color" and that "Lunchroom Lady Gonzalez contributed to the head injuries sustained by the female student on or about May 24, 2016 at Lane Tech High School[.]"

Plaintiff asserts that "Lunchroom Lady Gonzalez further endangered the safety of the female student by obstructing her right to medical care[.]" Plaintiff states that Assistant Principal Ara "further endangered the safety of the students by leaving the Chicago Public School students unsupervised and exposing the other over 1,000 children to further child endangerment" and that "he failed to provide medical care for the injured white female student for blood borne pathogens."

Plaintiff alleges that when she complained of these egregious violations, including fire code violations and violations of the Abused and Neglected Child Reporting Act, 325 ILCS 5/1, she was "fired, harassed, lied on, and called the 'n' word." Plaintiff maintains that the Board immediately suspended her because she invoked her civil rights under the federal constitution and then terminated her employment because she required disability medication. She explains that the Board's response was "a distraction from the real criminal activities that appeared to be instituted by Damir Ara and Lunch Lady Gonzalez." Plaintiff further asserts that "Plaintiff and Chicago Public Schools children were confined to what seem like a cage, prison because of Plaintiff's race, disability and age."

Moreover, Plaintiff alleges that Defendants Hart and Ernesti "appeared to have conspired with Defendant Gonzalez and Damir Ara by subjecting Plaintiff and the Chicago Public School children to Jim Crow an educational environment." She further states that the "Board should not use federal, state and City of Chicago tax payer's revenue to represent the Defendant Damir Ara, Defendant Mollie Hart, Defendant Mary Ernesti, Defendant Gabriel Gonzalez whom Plaintiff believe[s] have committed criminal and Jim crow acts against children and children of color at Chicago Public School[s]." Plaintiff alleges that Defendants' "conduct has caused irreparable damages to Plaintiff and perhaps to Chicago Public School students."

## ANALYSIS

### I.  ADEA, ADA, Title VII, and Rehabilitation Act Claims

#### A.  Individual Liability

As discussed in detail in the Court's July 2017 ruling, pro se Plaintiff cannot sue individual Defendants Damir Ara, Mary Ernesti, Mary Hart, and Gabriela Gonzalez under the ADEA, ADA, Title VII, and the Rehabilitation Act because there is no personal individual liability under these statutes. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012); *Silk v. City of Chicago*, 194 F.3d 788, 797-98 n.n. 5, 7 (7th Cir. 1999); *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 (7th Cir. 1995). In other words, these employment discrimination statutes authorize lawsuits against an employer – not the employer's individual agents or employees. *See Boss v. Castro*, 816 F.3d 910, 914 n.1 (7th Cir. 2016); *Aku v. Chicago Bd. of Educ.*, ___ F.Supp.3d ____, 2017 WL 5451808, at *6 (N.D. Ill. Nov. 14, 2017).

Accordingly, the Court dismisses with prejudice Plaintiff's ADEA, ADA,[2] and Title VII claims brought against the individual Defendants as a matter of law.

   B.   **Board of Education**

Turning to Plaintiff's employment discrimination claims against the Board, the majority of her First Amended Complaint focuses on Defendants Gonzalez's and Ara's conduct in relation to an incident at Lane Tech on May 24, 2016. She asserts that Assistant Principal Ara and Gonzalez were complicit in refusing to ensure that one of the public school students received proper medical care for a bleeding complication and that they violated fire codes and child endangerment laws. She further asserts that Defendants Ara and Gonzales falsely imprisoned her and other students. Plaintiff also states that Assistant Principal Ara "further endangered the safety of the students by leaving the Chicago Public School students unsupervised and exposing the other over 1,000 children to further child endangerment." Reading these allegations in Plaintiff's favor, her only injury resulting from this alleged misconduct was that she was "falsely imprisoned." In that context, she alleges that she and "Chicago Public Schools children were confined to what seem like a cage, prison because of Plaintiff's race, disability and age."

Under these allegations, read expansively, Plaintiff has pleaded herself out of court by alleging facts that defeat her claim. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). To clarify, under Plaintiff's allegations, Defendants Ara and Gonzalez did not confine or falsely imprison her and the Lane Tech students based on her age, her need for disability medication, or race. Instead, according to Plaintiff, they falsely imprisoned her based on their refusal to ensure that a student received proper medical care and by violating certain fire codes and child endangerment laws, along with misusing government property by failing to ensure the safe operation of the building and personnel at Lane Tech.

Moreover, Plaintiff's allegations that once she complained of these egregious violations, she was "fired, harassed, lied on, and called the 'n' word," do not state a retaliation claim because the ADEA, ADA, and Title VII prohibit retaliation against complaints for unlawful discrimination, not workplace issues. *See Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1107 (7th Cir. 2012) (citation omitted); *see also Miller v. Am. Family Mutual Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000) (Title VII protects an employee from "retaliation for complaining about the types of discrimination it prohibits"). Although Plaintiff alleges that some of the retaliatory conduct was racial in nature,[3] Plaintiff's complaints did not involve her asserting any civil rights or constitutional protections, but instead involved complaints about her working

---

[2] "The ADA and Rehabilitation Act have the same standards, except the Rehabilitation Act includes as an additional element the receipt of federal funds by the defendant." *Edwards v. Illinois Dep't of Fin.*, 210 F. Supp. 3d 931, 944 (N.D. Ill. 2016).

[3] Examining her pro se allegations liberally, Plaintiff fails to substantiate her threadbare allegation of "harassment" that would allow for a reasonable inference that she suffered from an objectively hostile work environment. *See Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 563 (7th Cir. 2007) ("Merely complaining in general terms of ... harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient.") (citation omitted); *see, e.g., Dawson v. City of Chicago*, 648 F. Supp. 2d 1057, 1069-70 (N.D. Ill. 2009).

conditions. *See, e.g., Hale v. Bd. of Trustees of S. Illinois Univ. Sch. of Med.*, No. 16-CV-3191, 2017 WL 2695287, at *6 (C.D. Ill. June 22, 2017); *see also Ogle v. Wal-Mart Stores East, LP,* No. 2:09-CV-317-PPS, 2011 WL 4452224, at *4 (N.D. Ind. Sept. 23, 2011) ("it isn't enough to simply complain about your boss or the workplace; the complaints must be about something that Title VII forbids"). Last, the Court notes that Plaintiff filed her EEOC Charge on January 4, 2017, well after her termination and the alleged retaliation, thus Plaintiff's filing of her EEOC Charge cannot be considered the "protected activity" under the circumstances. *See Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 676 (7th Cir.2011) ("the theory doesn't work if the retaliatory act precedes the protected activity"). The Court therefore grants Defendants' motion to dismiss Plaintiff's ADEA, ADA, and Title VII claims with prejudice.

## II.     Race Discrimination Claim under 42 U.S.C. § 1981

Plaintiff also brings a claim under 42 U.S.C. § 1981, which "protects the right of all persons to make and enforce contracts regardless of race." *Shott v. Katz,* 829 F.3d 494, 496–97 (7th Cir. 2016). Unlike Title VII, individual employees can be held liable for race discrimination under § 1981 in the employment context. *See Smith v. Bray*, 681 F.3d 888, 907 n.2. (7th Cir. 2012), *overruled on other grounds by Ortiz v. Werner Enters., Inc.,* 834 F.3d 760 (7th Cir. 2016); *see also Lugo v. Int'l Bhd. of Elec. Workers Local #134,* 175 F. Supp. 3d 1026, 1039 (N.D. Ill. 2016) ("[A]s opposed to Title VII, individuals may be liable under § 1981."). Nevertheless, because the Board is a local governmental entity and the individuals are local state actors, Plaintiff cannot bring her race discrimination claim under § 1981. Rather, 42 U.S.C. § 1983 is "the sole avenue of relief for violation of the rights protected by section 1981 when the claim is asserted against a state (i.e., government) actor[.]" *Ball v. City of Indianapolis,* 760 F.3d 636, 643 (7th Cir. 2014) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)).

### A.      Individual Defendants

Plaintiff alleges that she was wrongfully terminated on November 28, 2016. In the present motion, Defendants argue Plaintiff has failed to adequately allege that the individual Defendants were personally involved in violating her constitutional rights. To clarify, individual liability under § 1983 is appropriate if the "individual defendant caused or participated in a constitutional deprivation." *Smith,* 681 F.3d at 899; *see also Rasho v. Elyea,* 856 F.3d 469, 478 (7th Cir. 2017) ("A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent.").

Construing her pro se First Amended Complaint liberally – and drawing all reasonable inferences in her favor – Plaintiff alleges that the individual Defendants terminated her employment because she reported Assistant Principal Ara's and Lunchroom Lady Gonzalez's conduct in relation to the May 24, 2016 incident in which these Defendants allegedly obstructed medical care for a female student and endangered the safety of other students. Not only are these allegations factually insufficient under the federal pleading standards, but more importantly, under the Illinois School Code "[t]he right to employ, discharge, and layoff [is] vested solely with the board[.]" *Aku,* 2017 WL 5451808, at *8 (quoting 105 ILCS 5/34-8.1). The Board, however, is authorized to delegate its authority to make layoffs to the general superintendent.

5

*See Chicago Teachers Union, Local 1, Am. Fed'n of Teachers, AFL-CIO v. Illinois Educ. Labor Relations Bd.*, 344 Ill. App. 3d 624, 641 (1st Dist. 2003) Also, a school principal may make recommendations to the Board regarding employment decisions. *See Land v. Bd. of Educ. of City of Chicago*, 202 Ill. 2d 414, 423 (Ill. 2002) (although "the Board is prohibited from delegating the responsibility for making layoffs to principals," a "principal may make recommendations to the [B]oard.") That being said, human resources personnel, an assistant principal, and a lunchroom worker have no such authority. Thus, the individual Defendants cannot be held liable under the circumstances. The Court therefore grants this aspect of Defendants' motion to dismiss with prejudice.

### B. Board of Education

Because recovery against a governmental unit or entity, including a school board or district, cannot be based on respondeat superior for purposes of § 1983, Plaintiff must establish the Board's liability via *Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To recover under *Monell*, Plaintiff must eventually establish that: (1) she suffered a deprivation of a constitutional or federal statutory right, (2) as a result of an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, that was (3) the cause of her injury. *See Dixon v. Cnty. of Cook,* 819 F.3d 343, 348 (7th Cir. 2016).

Here, Defendants maintain that Plaintiff has failed to adequately allege that there is an express policy, widespread custom or policy, or act of a decision-maker that was the moving force behind her termination. Construing Plaintiff's pro se response brief and her allegations liberally, she suggests that she can bring a *Monell* claim against the Board based on Assistant Principal Ara's alleged misconduct because he is a policymaker. As the Seventh Circuit explains, however, "[a]n official with decisionmaking responsibilities on firing matters is not always a policymaker under *Monell*; the official must possess 'final decisionmaking authority'" and "this authority must concern setting policy for hiring and firing, not merely the act of hiring or firing itself." *Kristofek v. Vill. of Orland Hills*, 832 F.3d 785, 799 (7th Cir. 2016) (internal citations omitted). Courts in this district have routinely concluded that school administrators like principals are not "final policymakers" because they do not make city-wide policy decisions for the Chicago Public Schools. *See Brandt v. Bd. of Educ. of City of Chicago,* 420 F. Supp. 2d 921, 937 (N.D. Ill. 2006), *aff'd*, 480 F.3d 460 (7th Cir. 2007) (Board of Education's rules "do not confer the authority for principals to make city-wide policy decisions"). Therefore, the Court grants Defendants' motion to dismiss Plaintiff's § 1983 claim because she has failed to plausibly allege *Monell* liability against the Board. *See Iqbal,* 556 U.S. at 678 (a complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. Official Capacity Claims

Finally, Plaintiff's claims against the individual Defendants in their official capacities are redundant to her claims against the Board of Education. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015). As such, the Court

grants Defendants' motion to dismiss all of the official capacity claims brought against the individual Defendants with prejudice as a matter of law.

**Dated:** March 23, 2018

_____
**AMY J. ST. EVE**
**United States District Court Judge**